**QUILL & ARROW, LLP**
Kevin Y. Jacobson, Esq. (SBN 320532)
Roy Enav, Esq. (SBN 340224)
10880 Wilshire Boulevard, Suite 1600
Los Angeles, CA 90024
Attorneys for Plaintiff,
**KSHITISH BHALCHANDRA SOMAN**

**GORDON REES SCULLY MANSUKHANI, LLP**
Spencer P. Hugret, Esq. (SBN :240424)
James P. Mayo, Esq. (SBN : 169897)
Sarah Carlson Lambert, Esq. (SBN : 247360)
315 Pacific Ave.
San Francisco. CA 94111
Attorneys for Defendant,
**JAGUAR LAND ROVER NORTH AMERICA, LLC**

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KSHITISH BHALCHANDRA SOMAN, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>JAGUAR LAND ROVER NORTH AMERICA, LLC, a Delaware Limited Liability Company,<br><br>Defendant. | Case No.: <u>3:25-cv-01293-TLT</u><br>*(Removed from San Francisco Superior Court, Case No.: CGC-24-620804 Assigned to the Hon. Judge Trina L. Thompson*<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Complaint Filed: December 20, 2024<br>Action Removed: February 6, 2025<br>Initial CMC: May 8, 2025<br>Time: 2:00 P.M. |

Pursuant to the Federal Rule of Civil Procedure Rule 26(f), Local Rule 16-9 of the Northern District of California, and this Court's Standing Order, Plaintiff, KSHITISH BHALCHANDRA SOMAN ("Plaintiff"), and Defendant, JAGUAR LAND ROVER NORTH AMERICA, LLC ("JLRNA" or "Defendant") (collectively, the "Parties"), jointly submit this report of counsels' conference discussing the items enumerated below. Pursuant to Federal Rule of Civil Procedure Rule 26(f) and Local Rule 26, the Parties conducted the Rule 26(f) Conference, met and conferred regarding this matter and the topics enumerated below. The Parties hereby jointly submit the following Joint Statement pursuant to Federal Rules of Civil Procedure Rule 26(f) and Local Rule 16-9.

## A. JURISDICTION AND SERVICE

On or about December 20, 2024, Plaintiff filed this action in the Superior Court of San Francisco County. Subsequently, on February 6, 2025, the matter was removed to the U.S. District Court, Northern California District.

Both Parties maintain that this Court has Subject Matter Jurisdiction over this action pursuant to 28 U.S.C. § 1332. The Parties maintain that the Parties are diverse and the amount in controversy exceeds $75,000. The Subject Vehicle, as reflected in the Sales contract, has an approximate value of $81,516.80. Pursuant to the Song-Beverly Act, Plaintiff is seeking general, special, and actual damages, as well as civil penalties, up to two times the amount of actual damage. As such, Plaintiff seeks the approximate amount of $224,550.40. Plaintiff is also seeking reasonable attorneys' fees under the Act. Accordingly, Plaintiff's claims meet the jurisdictional threshold required under 28 U.S.C. § 1332 (a). Complete diversity exists as Plaintiff, KSHITISH BHALCHANDRA SOMAN, is a citizen of the state of California. Defendant, JAGUAR LAND ROVER NORTH AMERICA, LLC, is a Delaware Limited Liability Company operating and doing business in the state of California. As reflected within Defendant's Statement of Information filed with the California Secretary of State, JAGUAR LAND ROVER NORTH AMERICA, LLC is incorporated and has its principal place of business in the State of Delaware. As

such, Defendant is not incorporated in California but in Delaware. Accordingly, there is complete diversity among the parties under 28 U.S.C. § 1332 (a) (1), and Plaintiff has now alleged sufficient facts to establish subject matter jurisdiction.

### B. FACTS

*Plaintiff's Position:*

This action is a breach-of-warranty case under the Song-Beverly Consumer Warranty Act (Cal. Code. Civ. Proc. §§ 1790, et seq.), arising from Plaintiff's, KSHITISH BHALCHANDRA SOMAN ("Plaintiff") purchase of a Certified Pre-Owned 2021 Jaguar F-Type, bearing VIN: SAJDD5GX1MCK73217 ("Subject Vehicle") on or about April 27, 2022. The Subject Vehicle was sold to Plaintiff with express and implied warranties from Defendant JAGUAR LAND ROVER NORTH AMERICA, LLC ("Defendant" or "JLRNA"). During the warranty period, the Subject Vehicle contained or developed defects, including (but not limited to) defects related to the engine, electrical, emission, and suspension systems. Said defects substantially impaired the Subject Vehicle's use, value, and/or safety. Notwithstanding, Defendant and its representatives in this state have been unable to service or repair the Subject Vehicle to conform to the applicable warranties after a reasonable number of attempts. Despite this, Defendant failed to promptly replace the Subject Vehicle or make restitution to Plaintiff as required under California law.

As such, Plaintiff is entitled to and seeks a repurchase of the Subject Vehicle, rescission of the purchase agreement, and refund of the remuneration expended on their purchase. Moreover, Plaintiff contends that JLRNA willfully violated Civil Code §1794(c) by failing to promptly repurchase the Subject Vehicle entitling Plaintiff to civil penalties under Civil Code § 1794(c). Plaintiff seeks incidental and consequential damages, collateral damages, and attorney fees.

*Defendant's Position:*

JLRNA denies the essential allegations of Plaintiff's Complaint. JLRNA further denies the Subject Vehicle was purchased with defects or non-conformities,

including, but not limited to any alleged issues identified in the Complaint. It is JLRNA's position that, to the extent the Subject Vehicle experienced any problems or issues requiring repair or service by JLRNA's independently-owned repair facilities, any such problems or issues were not defects; not covered by the warranty; do not substantially impair the use, value or safety of the Subject Vehicle; or have been repaired within a reasonable number of repair attempts, and thus, do not trigger JLRNA's obligation to repurchase or replace the Subject Vehicle pursuant to the Song-Beverly Act. JLRNA also contends the Subject Vehicle was fit for the ordinary purposes for which vehicles are used.

JLRNA further asserts that Plaintiff is not entitled to any civil penalty because no such penalties are available under the applicable facts and law. Moreover, JLRNA contends that Plaintiff received timely notice of the availability of a third-party dispute resolution process but made no effort to use such process. JLRNA further denies Plaintiff has been damaged, and also denies that Plaintiff is entitled to any statutory attorney's fees, costs, or expenses

**C. LEGAL ISSUES**

The Parties agree that the primary law applicable to this matter is California's Song-Beverly Consumer Warranty Act, which is a well-developed body of law. Plaintiff contends that Defendant has violated the Song-Beverly Consumer Warranty Act.

The key legal issues will involve whether or not there were defects and non-conformities with the Subject Vehicle; whether any alleged defects and nonconformities substantially impair the use, value or safety of the subject vehicle; whether there was a breach of any express or implied warranty; whether Defendant was given a reasonable opportunity to repair the defects and nonconformities; whether Plaintiff suffered any cognizable injury or recoverable damages; whether JLRNA had a duty to repurchase the Subject Vehicle; whether JLRNA's failure to repurchase the Subject Vehicle was willful; whether JLRNA had a duty to disclose the alleged

defect(s); whether JLRNA failed to disclose or actively concealed the alleged defect(s); and whether Defendant intentionally concealed and failed to disclose facts relating to the subject vehicle's alleged defect. Plaintiff further contends that Defendant willfully failed to comply with its obligation to promptly repurchase the nonconforming Subject Vehicle. The Parties do not anticipate any unusual substantive, procedural, or evidentiary issues at this time.

### D. MOTIONS

#### a. Procedural Motions

*Plaintiff's Position:*

At this time, Plaintiff believes that it is unlikely they will file a motion to add parties or claims. However, Plaintiff may file an amended pleading, if necessary, depending on the progression of discovery or other circumstances which Plaintiff cannot anticipate at this time. At this time, Plaintiff does not anticipate the filing of any discovery-related Motions.

*Defendant's Position:*

**b.** JLRNA reserves the right to file appropriate discovery-related motions should they become necessary. **Dispositive Motions**

*Plaintiff's Position:*

At this time, Plaintiff believes that it is unlikely they will file a dispositive motion. However, this may change as additional information becomes available to the Parties by way of discovery. As such, Plaintiff cannot anticipate the filing of a dispositive motion at this time.

*Defendant's Position:*

JLRNA reserves the right to file a Motion for Summary Judgment, but it is unlikely to do so as cases under the Song-Beverly Consumer Warranty Act like this one are typically fact-intensive.

#### c. Class Certification Motions.

At this time, the Parties do not anticipate the filing of any Class Certification

Motions. However, this may change as additional information becomes available to the Parties by way of discovery.

### E. AMENDED PLEADINGS

*Plaintiff's Position*:

Plaintiff may file an amended pleading, if necessary, depending on the progression of discovery or other circumstances which Plaintiff cannot anticipate at this time. As such, Plaintiff proposes the deadline to Amend Pleadings to be ninety (90) days after the Case Management Conference.

*Defendant's Position*:

JLRNA does not anticipate filing any amended pleading(s) at this time.

### F. EVIDENCE PRESERVATION

Both Parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information and the Parties have met and conferred pursuant to Federal Rule of Civil Procedure 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action.

### G. DISCLOSURES

The Parties have agreed to exchange Initial Disclosures pursuant to Rule 26 within two (2) weeks of the Case Management Conference. As such, initial disclosures by both Parties will be exchanged on or before May 22, 2025.

### H. DISCOVERY

*Plaintiff's Position*:

Plaintiff will propound the initial set of discovery on or before May 29, 2025. The discovery will include Request for Admissions, Set One, Interrogatories, Set One, and Request for Production of Documents, Set One. Plaintiff will stipulate to an e-discovery order. Plaintiff contends that the scope of anticipated discovery shall include, without limitation, the complete vehicle history of the Subject Vehicle including all repairs; all documents, communications between Plaintiff and Defendant and/or any of its agents, representatives, etc. including but not limited to all

Defendant's dealerships; all of Defendant's internal communications regarding Plaintiff's vehicle and any parts and/or components thereof; all documents and communications between Defendant and any third parties (including Defendant's dealerships, service centers, call-centers, customer service hotlines, third party dispute resolution entities) regarding Plaintiff's vehicle and any parts and/or components thereof; and all documents and communications regarding Defendant's consideration and denial of Plaintiff's buyback request; all policies and procedures of Defendant with regard to repeat repairs and the reporting and handling of customer complaints and/or requests for buyback; and JLRNA's internal investigation and analysis into the same/similar defects in other similarly situated vehicles to establish JLRNA's knowledge of the defects experienced by Plaintiff, its inability to repair the defects, and willful violation of the Song-Beverly Act by failing to promptly repurchase and/or replace the Subject Vehicle.

Plaintiff also intends to depose a yet-to-be-identified Rule 30(b)(6) deponent from any relevant JLRNA authorized service facility regarding relevant policies and procedures implemented by said facility and/or JLRNA. Plaintiff also intends to depose JLRNA's Rule 30(b)(6) witness(es) regarding its internal investigation and analysis into the defects plaguing Plaintiff's vehicle in other similarly situated vehicles to establish JLRNA's knowledge of the defects and inability to repair them; as well as, the Lemon Law policies and procedures, including assessing and approving/denying repurchase or replacement requests. Plaintiff may also seeks to depose the call center employees involved in JLRNA's decision regarding Plaintiff's repurchase request. Plaintiff also intends to depose any expert designated by Defendant. Additionally, Plaintiff intends to depose the officers, directors, and/or agents at JLRNA who had knowledge of the same or similar system defects, as well as any engineers involved in analyzing and effectuating repair procedures for the same or similar system defects that affect the Subject Vehicle.

Plaintiff anticipates introducing all admissible evidence, including, but not

limited to, JLRNA's internal investigation and analysis into the same or similar defects in other similarly situated vehicles to establish JLRNA's knowledge of the defects experienced by Plaintiff, its inability to repair the defects, and willful violation of the Song-Beverly Act by failing to promptly repurchase and/or replace the Subject Vehicle. Plaintiff also anticipates introducing JLRNA's policy and procedure documents relating to warranty claims and handling of matters related to the Song-Beverly Act. Plaintiff will also seeks electronically stored information maintained in JLRNA's electronic databases, and e-mails for custodians of record who are or were responsible for investigating and analyzing the same defects as Plaintiff.

      Plaintiff requests that JLRNA search for e-mails of those custodians who are and were responsible for investigating and analyzing the subject defects in vehicles of the same year, make, and model as the Subject Vehicle (e.g., engineers, etc.), and for the parties to meet and confer on those custodians whose e-mails need to be searched, as well as the search terms to be used. *See, e.g., Jensen v. BMW of N. Am., LLC* 328 F.R.D. 557, 563–64 (S.D. Cal. Jan. 15, 2019) (ordering BMW N.A to produce discovery as to vehicles of the same make, year and model as the subject vehicle, and ordering BMW N.A. to meet confer with Plaintiff's counsel on search terms in a matter where violations of the Song-Beverly Act were alleged and discovery was proportional because it was limited to vehicles of the same year, make and model); *Zargarian v. BMW of N. Am., LLC*, No. CV184857RSWLPLAX, 2019 WL 6111732, at *4 (C.D. Cal. Sept. 23, 2019), review denied, No. CV 18-4857-RSWL-PLA, 2019 WL 6111733 (C.D. Cal. Nov. 5, 2019).

      Moreover, Plaintiff also request that JLRNA meet and confer with Plaintiff regarding all the various databases that would have documents responsive to Plaintiff's discovery requests, and to meet and confer to provide Plaintiff with the search terms that may be used for searching these databases (e.g., defect codes, part numbers, etc.). Any argument by JLRNA that the names of custodians, databases and/or search terms used are privileged and/or subject to attorney-client work product

should be rejected. *See, e.g., N.D. Cal.* Guidelines for Discovery of ESI, 1.02, 2.02-2.03; *De Abadia-Peixoto v. U.S. Dep't of Homeland* Sec., No. 11-cv-04001, 2013 U.S. Dist. LEXIS 120368, at *10 (N.D. Cal. Aug. 23, 2013) (ordering defendant to disclose search parameters and to meet and confer regarding their sufficiency); *Burd v. Ford Motor Co.*, Case No. 13-cv-20976, 2015 U.S. Dist. LEXIS 88518, at *36-37 (S.D.W.Va. Jul. 8, 2015) (rejecting argument that disclosure of search methods and custodians would infringe on attorney work-product privilege).

Thus, Plaintiff respectfully requests that this Court, as part of its case management order, require JLRNA to meet and confer with Plaintiff's counsel regarding JLRNA's databases and how they are searched.

Plaintiff believes that the Court's Scheduling Order should reflect that, for the depositions of dealership personnel, each day deposition shall count as one deposition against the 10-deposition maximum set forth in Fed. R. Civ. Proc. 30(a)(2)(A).

The documents pertaining to JLRNA's internal investigation and analysis into the same/similar defects in other similarly situated vehicles are relevant, admissible, and imperative because they are probative of nonconformities with the Subject Vehicle. Moreover, these documents seek technical information that Plaintiff's expert needs to provide reliable opinion testimony regarding the nature of the defects in Plaintiff's vehicle. *Cf. Donlen v. Ford Motor Co.*, (2013) 217 Cal.App.4th 138, 154-55 ("*Donlen*") (affirming admissibility of expert testimony regarding similar problems in vehicles with same model transmission as the plaintiff). Finally, the requested documents establish Defendant's knowledge of the defects and its ability (or inability) to repair the defects.

The prevailing authority makes clear that the scope of discovery includes documents that relate to similar defects experienced by other consumers. *Donlen v. Ford Motor Co., supra*, (2013) 217 Cal.App.4th at 143-144, 153 (evidence of special service bulletins issued before Plaintiff bought his truck and evidence of similar transmission problems in other trucks were relevant and admissible); *Doppes v.*

*Bentley Motors, Inc.*, (2009) 174 Cal.App.4th 967, 973, 978- 979, 986 ("*Doppes*")(documents of warranty complaints, service histories, and employee records concerning the subject defect in all affected vehicles and the company's responses and instructions regarding cure were discoverable and relevant to issue of defendant's good faith treatment of the problem). In fact, the relevancy of the type of documents sought by Plaintiff was confirmed in the recent Court of Appeal decision in *Santana v. FCA US, LLC* (2020) 56 Cal. App. 5th 344. Specifically, the Santana Court found, "… there was evidence to support a finding that Chrysler's "repair" of the faulty fuel pump relay was intentionally inadequate during the warranty period. Specifically, the bridge operation solved one problem—stalling or failing to start—only to introduce a new defect: the inability of the fuel pump to shut off in the event of an accident. Contemporaneous internal e-mails demonstrated that Chrysler was aware of the problem. And Santana's expert testified there was no evidence that Chrysler's recall procedure ever accounted for the new risk, and that, in fact, Santana's vehicle was left with the new defect after the bridge operation. Although Chrysler did not include the actual warranty in our record, presumably it requires a repair that restores full functionality, not a "MacGyver" half measure that simply swaps defects. From this evidence, the jury could infer that Chrysler intentionally chose not fully to honor the express warranty, which is sufficient to support a civil penalty under Civil Code section 1794, subdivision (c). (*Santana v. FCA US, LLC* (2020) 56 Cal.App.5th 334, 347.)

   *Defendant's Position:*

   The Parties have not yet exchanged discovery. JLRNA does not believe discovery should be conducted in phases, nor any changes to applicable limitations on discovery are proposed.  Expected witnesses include Plaintiff KSHITISH BHALCHANDRA SOMAN and any other persons who has driven the Subject Vehicle and/or have percipient knowledge of any alleged defects, repairs or modifications to the vehicle, and also, JLRNA's to be identified Rule 30(b)(6)

deponent. Other percipient witnesses may include the technicians who performed repairs on the Subject Vehicle, and also, that the key evidence in this matter will be the sales documents, the repair orders, warranty records, customer contact records (if any), and any dealer contact records for the Subject Vehicle.

JLRNA anticipates conducting discovery into the facts and circumstances surrounding the purchase, use, operation, maintenance, repair history, of the Subject Vehicle, including but not limited to, the following: (1) whether Plaintiff's vehicle had the alleged defects; (2) whether any such defects impaired the use, value or safety of the vehicle; (3) whether any such defects were repaired after a reasonable number of attempts; (4) Plaintiff's communications with JLRNA and all dealership(s) or any third parties regarding alleged defects with the Subject Vehicle; (5) the nature and extent of Plaintiff's alleged damages; and, (6) facts related to each of Plaintiff's causes of action. JLRNA likewise anticipates conducting discovery into damages claimed by Plaintiff and relating to the Subject Vehicle (including location, mileage, identification of drivers, insurance company, accidents, maintenance, and any modifications).

JLRNA anticipates conducting Plaintiff's deposition and the depositions of witnesses identified in Plaintiff's disclosure, if any, and Plaintiff's expert witnesses. JLRNA also anticipates conducting an inspection of the Subject Vehicle. JLRNA further anticipates serving a set of Interrogatories; a set of Requests for Admission; a set of Requests for Production of Documents on Plaintiff, and will do so shortly. JLRNA also anticipates conducting third-party discovery by subpoena and/or deposition surrounding Plaintiff's vehicle and damages claimed by Plaintiff.

JLRNA further contends that any order as part of this Court's case management order, requiring JLRNA "to meet and confer with Plaintiff's counsel regarding the identity of its databases, the names of custodians that are and were responsible for analyzing the subject defects in vehicles of the same year, make, and model as the Subject Vehicle, as well as JLRNA's search terms for searching these databases," is premature at this time and reserve all rights, including objections

thereto based on privilege, relevancy, and privacy rights. Further, JLRNA will seek a protective order if Plaintiff seeks trade secret/proprietary information or documents.

JLRNA's position is that in a breach of warranty case discovery must be guided by the proportionality requirement of Rule 26. See *Dao v. Liberty Life Assur. Co., Case* No. 14-cv-04749-SI (EDL), 2016 U.S. Dist. LEXIS 28268, at *7-8 (Feb. 23, 2016, N.D. Cal.) (noting that "a party seeking discovery . . . must show, before anything else, that the discovery sought is proportional to the needs of the case").

Accordingly, discovery in this matter should be focused on and limited to the symptoms the Subject Vehicle exhibited and the experiences Plaintiff actually encountered and which were presented to JLRNA or an authorized dealership. See *Kaiser v. BMW of N. Am., No*. C-12-1311 DMR, 2013 U.S. Dist. LEXIS 63855, at *8 (May 2, 2013 N.D. Cal.) (noting the breadth and burden imposed by extensive discovery into other consumer transactions in a breach of warranty case outweighs its benefits.); *Samuel Velasco v. Mercedes-Benz USA, LLC et al.,* 2:18-cv-07880-MWF (SKx) (C.D. Cal. Jun. 13, 2019) (Motion to compel denied as to requests seeking documents relating to vehicles of the same make, model, and year that have the same engine defect because the definition of engine defect violated FRCP 34's reasonable particularity requirement.) As such, JLRNA contends that extensive discovery into other vehicles should be excluded, or, to the extent allowed by the Court, should be limited to the specific conditions and repairs that are identified by Plaintiff as giving rise to the claims in this case and for the same make and model year as the Subject Vehicle and be limited to specific databases identified by JLRNA depending on the category of information sought. Such limitations are appropriate to comply with the proportionality considerations set forth in Federal Rule of Civil Procedure 26(b). JLRNA does not agree that documents regarding vehicles other than the subject vehicle are relevant or proportional to the needs of the case.

## I. **CHANGES TO LIMITATIONS ON DISCOVERY**

*Plaintiff's Position:*

Plaintiff contends that Federal Rules of Civil Procedure Rule 26 shall govern discovery in this matter and no changes or limitations shall be implemented for discovery purposes. Moreover, Plaintiff believes that the Court's Scheduling Order should reflect that, for the depositions of dealership personnel and Defendant's Rule 30(b)(6) witness, each day deposition shall count as one deposition against the 10-deposition maximum set forth in Fed. R. Civ. Proc. 30(a)(2)(A).

Plaintiff contends that the scope of anticipated discovery shall include, without limitation, the complete vehicle history of the Subject Vehicle including all repairs; all documents, communications between Plaintiff and Defendant and/or any of its agents, representatives, etc. including but not limited to all Defendant's dealerships; all of Defendant's internal communications regarding Plaintiff's vehicle and any parts and/or components thereof; all documents and communications between Defendant and any third parties (including Defendant's dealerships, service centers, call-centers, customer service hotlines, third party dispute resolution entities) regarding Plaintiff's vehicle and any parts and/or components thereof; and all documents and communications regarding Defendant's consideration and denial of Plaintiff's buyback request; all policies and procedures of Defendant with regard to repeat repairs and the reporting and handling of customer complaints and/or requests for buyback; and JLRNA's internal investigation and analysis into the same/similar defects in other similarly situated vehicles to establish JLRNA's knowledge of the defects experienced by Plaintiff, its inability to repair the defects, and willful violation of the Song-Beverly Act by failing to promptly repurchase and/or replace the Subject Vehicle.

*Defendant's Position:*

As noted, JLRNA contends that extensive discovery into other vehicles should be excluded, or, to the extent allowed by the Court, should be limited to the specific conditions and repairs that are identified by Plaintiff as giving rise to the claims in this case and for the same make and model year as the Subject Vehicle and be limited to

specific databases identified by JLRNA depending on the category of information sought. Such limitations are appropriate to comply with the proportionality considerations set forth in Federal Rule of Civil Procedure 26(b).

### J. CLASS ACTIONS

At this time, the Parties do not anticipate the filing of any Class Certification Motions. However, this may change as additional information becomes available to the Parties by way of discovery.

### K. RELATED CASES

None.

### L. RELIEF

*Plaintiff's Position*

Plaintiff is allowed a wide variety of remedies under the Song-Beverly Act. (See Complaint, 8:2-9). Under the Song-Beverly Act, Civil Code section 1793.2(d)(2), JLRNA is required to make restitution to our client due to its failure to repair the vehicle after a reasonable number of repair attempts. Under Civil Code section 1793.2(d)(2)(B), this restitution includes, "amount equal to the actual price paid or payable by the buyer, including any charges for transportation and manufacturer installed options, but excluding nonmanufacturer items installed by a dealer or the buyer, and including any collateral charges such as sales or use tax, license fees, registration fees, and other official fees."

Plaintiff is furthermore entitled to recoup incidental and consequential damages, under Civil Code 1794(b)(2). Meanwhile, under Civil Code section 1794(c) Plaintiff may be awarded a Civil Penalty in cases where the manufacturer willfully violated the Song-Beverly Act. Here, the evidence reflects that JLRNA did so by not repurchasing this troubled vehicle sooner. The damages allowed under Section 1794(c) are up to two-times the purchase price of the vehicle. Furthermore, under Civil Code section 1794(d), Plaintiff is entitled to recoup, "costs and expenses, including attorney's fees based on actual time expended…[in the] prosecution of such action."

Attorney's fees and costs are typically decided by a motion to the Court, following trial or settlement. Moreover, Plaintiff will also seek civil penalties in the amount of two times the actual damages in this case.

Since the case is only at its early stages and discovery is ongoing, Plaintiff cannot accurately calculate all of the damages.

*Defendant's Position*:

JLRNA denies Plaintiff has been damaged, and also denies that Plaintiff is entitled to any statutory attorney's fees, costs, or expenses.

### M. SETTLEMENT AND ALTERNATIVE DISPUTE RESOLUTION (ADR)

#### a. Prior Discussions

The Parties are currently not involved in settlement discussions, but the Parties will engage in settlement discussions after Initial Disclosures and throughout the litigation.

#### b. ADR Selection.

Pursuant to Local Rule 16-15.4, the Parties discussed the available alternative dispute resolution programs and agreed that the case is best suited for private mediation. As such, the Parties agree to select ADR Procedure No. 3 (private dispute resolution proceeding).

### N. OTHER REFERENCES:

*Plaintiff's Position:*

No.

*Defendant's Position:*

None.

### O. NARROWING OF ISSUES

*Plaintiff's Position:*

None at this time.

*Defendant's Position:*

Other than stipulating as to the year, make, and model of the Subject Vehicle,

and due to the early stage of this case, JLRNA is not aware at this time of any facts or issues that can be narrowed by agreement or by motion or of suggestions to expedite the presentation of evidence at trial (e.g., through summaries or stipulated facts).

P. **SCHEDULING**

    a. **Expert Deadline**

        i. **Initial Expert Designation:** May 4, 2026

        ii. **Rebuttal Expert Designation:** May 18, 2026

    b. **Fact Discovery Cutoff**

    April 13, 2026

    c. **Hearing of Dispositive Motions**

    August 18, 2026

    d. **PreTrial Conference**

    September 15, 2026

    e. **Proposed Trial Date**

    October 13, 2026

Q. **TRIAL**

    a. **Proposed Trial Date**

    The Parties propose that a trial date be set for a date on or around October 13, 2026.

    b. **Time Estimate**

    The Parties estimate the trial be approximately 3-5 days.

    Plaintiff estimates there will be 5-7 witnesses.

    JLRNA has waived a jury and anticipates calling four to six witnesses at trial, which is anticipated to take 5-7 days.

    c. **Jury Trial**

    Plaintiff demands a Jury Trial.

R. **DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

*Plaintiff's Position:*

Plaintiff is not aware of any persons, firms, partnerships, corporations

(including parent corporations) or other entities to have either a financial interest in the subject matter in controversy or a party to the proceeding. In addition, Plaintiff is unaware of any persons, firms, partnerships, corporations (including parent corporations) or other entities known by the party to have any other kind of interest that could be substantially affected by the outcome of the proceeding.

*Defendant's Position:*

Defendant filed a Certification of Interested Entities or Persons.

## S. PROFESSIONAL CONDUCT

Both Parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

Dated:   April 30, 2025

**QUILL & ARROW, LLP**

*/s/Roy Enav*
Kevin Y. Jacobson, Esq.
Roy Enav, Esq.
Attorneys for Plaintiff,
**KSHITISH BHALCHANDRA SOMAN**

Dated:   April 30, 2025

**GORDAN REES SCULLY MANSUKHANI, LLP**

*/s/Sarah Carlson Lambert*
Spencer P. Hugret, Esq.
James P. Mayo, Esq.
Sarah Carlson Lambert, Esq.
Attorneys for Defendant,
**JAGUAR LAND ROVER NORTH AMERICA, LLC**